UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23547-Civ-Scola/Sanchez

United States Equal Employment Opportunity
Commission,

    Petitioner,

v.

Michael Sinclair, and Epilution Med Spa, LLC,

    Respondents.
_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S APPLICATION FOR AN ORDER TO SHOW CAUSE WHY ADMINISTRATIVE SUBPOENAS SHOULD NOT BE ENFORCED**

This matter is before the Court on the Application for an Order to Show Cause Why Administrative Subpoenas Should Not Be Enforced, filed by the Petitioner, the Equal Employment Opportunity Commission ("EEOC"). ECF No. 1. The Honorable Robert N. Scola, United States District Judge, referred the Petitioner's Application to the undersigned for a Report and Recommendation. ECF No. 12. After careful consideration of the parties' filings, the record, and the applicable law, the undersigned **RESPECTFULLY RECOMMENDS** that Petitioner's Application for an Order to Show Cause be **GRANTED**.

### I.    BACKGROUND

On December 8, 2021, Rana Sebai, a former employee of Michael Sinclair, M.D.P.A. and Epilution Med Spa, LLC ("Epilution") (collectively, "Respondents"), filed a charge with the EEOC alleging that the Respondents both discriminated against her on the basis of sex (sexual harassment and hostile work environment) and retaliated against her, all in violation of Title VII. ECF No. 1 at 3. On the same day, the EEOC notified Respondents of the charge and began their investigation of whether Title VII had been violated. *Id.*

As part of their investigation, in March of 2023, the EEOC issued requests for information to Respondents seeking documents related to (1) Respondents' sexual harassment, hostile work environment, and retaliation policies and reporting procedures; (2) the allegations in Ms. Sebai's charge of discrimination; (3) Ms. Sebai's complaints of sexual harassment, hostile work environment, and retaliation; (4) Ms. Sebai's personnel file; (5) other complaints of sexual harassment, hostile work environment, and retaliation involving Dr. Sinclair; (6) inquiries and complaints from the Department of Health; (7) a listing of the persons employed by Respondents, their dates of employment, and last known contact information; and (8) Respondents' organizational chart. *Id.* at 4-5. The requests, other than those concerning Ms. Sebai and the Respondents' organizational structure, were limited to the time period since August 1, 2019. *Id.* When Respondents did not provide the requested information and materials by the return date, the EEOC sent Respondents a letter extending the return date for the requested information and advising that the EEOC could subpoena Respondents for the same information should they choose not to respond to the request. *Id.* at 5.

Receiving no response, in June 2023, the EEOC issued to Respondents subpoenas requesting substantially the same information as their earlier requests. *Id.* at 6. The subpoenas were served on Respondents on Thursday, July 6, 2023, and were to be returned by July 14, 2023. *Id.* at 6-7. On Monday, July 10, 2023, counsel for Respondents responded to the Federal Investigator listed on the subpoena, informing the investigator that Respondents did not have 15 employees and the Respondents were no longer doing business. ECF No. 6 at 3. Respondents' counsel requested to speak with the investigator to "limit/revise the subpoena to illustrate the two aforementioned points" and requested an extension to respond to the subpoenas. *Id.* at 4. Respondents followed up with the federal investigator several times, but no extension was ever granted, and the investigator did not discuss revising and limiting the subpoena requests prior to

2

the listed return date. *Id.* On July 14, 2023, counsel for Respondents spoke with the investigator to inform him that Respondents did not have 15 employees and were no longer doing business, and he offered to provide an affidavit and evidence in support, which the investigator suggested would be useful. *Id.* The investigator did not, however, modify or limit the subpoena. ECF No. 9 at 5.

On July 14, 2023, Respondents provided the EEOC, by emailing the investigator, with the Respondents' Response and Objections, Forms RT6 as to Dr. Sinclair for 2020 and 2021 (which do not list employee contact information or dates of employment), and an unsigned Microsoft Word version of an Employee Handbook. ECF No. 1 at 7-8; ECF No. 6 at 4-5; ECF No. 6-6. More specifically, the Response and Objections to Subpoena contains (1) the Respondents' objections that Request Nos. 5 and 6 are overly broad, vague, and not reasonably calculated to lead to discovery; (2) their argument that 15 or more employees are required for Title VII to govern; (3) their contention that the allegations in the charge of discrimination are false; (4) the Word version of an employee handbook drafted by Ms. Sebai; and (5) Respondents' assertion that they did not locate Ms. Sebai's personnel file. ECF No. 1-13 at 1; ECF No. 6-6. Finding Respondents' Response and Objections deficient, the EEOC filed an Application for An Order to Show Cause Why Administrative Subpoenas Should Not Be Enforced and Incorporated Memorandum of Law, ECF No. 1, commencing this proceeding.

## II. LEGAL STANDARD

"Title VII makes it unlawful for an employer to discriminate against an employee 'with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin,'" as well as "to retaliate against an employee" for complaining about such unlawful discrimination. *Ortiz v. Waste Mgmt., Inc.*, 808 F. App'x 1010, 1013 (11th Cir. 2020) (quoting 42 U.S.C. § 2000e-2(a)(1) and citing § 2000e-3(a)).

"Title VII 'entrusts the enforcement of that prohibition to the EEOC." *EEOC v. Joon, LLC*, No. 3:18-MC-3836-WKW, 2019 WL 2134596 (M.D. Ala. May 15, 2019) (quoting *McLane Co. v. EEOC*, 581 U.S. 72, 75 (2017)). "The EEOC's responsibilities are 'triggered by the filing of a specific sworn charge of discrimination.'" *McLane*, 581 U.S. at 75 (quoting *University of Pa. v. EEOC*, 493 U.S. 182, 190 (1990)). "When it receives a charge, the EEOC must first notify the employer and must then investigate 'to determine whether there is reasonable cause to believe that the charge is true.'" *McLane*, 581 U.S. at 75 (quoting *University of Pa.*, 493 U.S. at 190); *see also* 42 U.S.C. § 2000e-5(b) (providing that, "[w]henever a charge is filed," the EEOC "shall make an investigation thereof").

The EEOC has broad authority to investigate charges of discrimination under Title VII. *EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987); *Joon*, 2019 WL 2134596, at *2; *see also U.S. v. Fla. Azalea Specialists*, 19 F.3d 620, 622 (11th Cir. 1994) (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950), and discussing the Supreme Court's recognition of the broad investigatory power of administrative agencies). The EEOC "shall" have access to "any evidence" of any person under investigation "that relates to unlawful employment practices . . . and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). To aid its investigation, the EEOC has "the authority to issue administrative subpoenas and to request judicial enforcement of those subpoenas" against non-complying employers. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 63 (1984) (citing 42 U.S.C. § 2000e-9); *see also* 29 U.S.C. § 161.

"'It is well-settled that the role of a district court in a proceeding to enforce an administrative subpoena is sharply limited; inquiry is appropriate only into whether the evidence sought is material and relevant to a lawful purpose of the agency.'" *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991) (citing, *inter alia, Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 209 (1946)). As a general rule, an administrative subpoena should be enforced if—and

4

a court may thus inquire into whether—(1) the administrative investigation is within the authority of the agency; (2) the demand is not too indefinite; and (3) the information sought is reasonably relevant. *Fla. Azalea Specialists*, 19 F.3d at 623; *EEOC v. Tire Kingdom*, 80 F.3d 449, 450 (11th Cir. 1996).

### III. THE EEOC'S JURISDICTION

Before deciding whether to recommend enforcement of the administrative subpoenas, the Court addresses Respondents' challenge to the EEOC's jurisdiction to investigate the underlying charge of discrimination. Respondents claim that, through their subpoenas, "the EEOC is engaging in conduct that exceeds its statutory authority by pursuing an investigation of entities not covered by Title VII." ECF No. 6 at 2. Specifically, because "Respondents, at the time of the Charge of Discrimination, did not employ fifteen employees," Respondents argue that they were not an "employer" under Title VII,[1] and therefore, Title VII does not apply to them. *Id.* However, deciding whether the EEOC will ultimately have jurisdiction over the charge of discrimination to which the subpoenas relate is premature at this stage. The Eleventh Circuit has explained:

> [A] subpoena enforcement proceeding is not the proper forum in which to litigate the question of coverage under a particular statute. The initial determination of the coverage question is left to the administrative agency seeking enforcement of the subpoena.
>
> Thus, at this stage of the litigation, the agency need not make a conclusive showing of jurisdiction to justify enforcement of the subpoena. So long as the agency makes a plausible argument in support of its assertion of jurisdiction, a district court must enforce the subpoena if the information sought there is not plainly incompetent or irrelevant to any lawful purpose of the agency.

*Kloster*, 939 F.2d at 922 (quotations and citations omitted). In their opposition, Respondents

---

[1] With certain exclusions that are not applicable here, Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 2000e(b).

5

correctly agree that the EEOC "need not make a conclusive showing of jurisdiction," and that it must only "offer some plausible argument to support its actions." ECF No. 6 at 2 (citing *Kloster*). Here, the EEOC offers the sworn charge of discrimination, *see* ECF No. 1-5, which identifies Respondents as each having between 15 and 100 employees, qualifying Respondents as "employers" under Title VII. *See EEOC v. Joon, LLC*, No. 3:18-MC-3836-WKW, 2019 WL 2134596, at *5 (M.D. Ala. May 15, 2019) ("The EEOC's regulations provide that '[a] charge shall be in writing and signed and shall *be verified*.' And the term 'verified' is defined as 'sworn to or affirmed before a notary public' or 'supported by an unsworn declaration in writing under penalty of perjury.'") (quoting 29 C.F.R. §§ 1601.3(a), 1601.9; other citation omitted)). Because the validity of a charge "is determined from the face of the charge, not from extrinsic evidence," *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 650-51 (7th Cir. 2002), and the Charge of Discrimination in this case states that Respondents had more than 15 employees, it is plausible that Title VII applies to Respondents. This is sufficient to establish the EEOC's jurisdiction to investigate the charges.

As for Respondents' argument that "the EEOC has made no effort to explore the jurisdiction issue here," ECF No. 6 at 2 (emphasis omitted), this Court disagrees. "[T]he EEOC must be allowed to investigate the facts, including the facts relevant to jurisdiction, as an initial matter." *Kloster*, 939 F.2d at 924. Indeed, the EEOC has a *statutory duty* to investigate Title VII charges. *Id.* at 921; *McLane Co.*, 581 U.S. at 75 ("When it receives a charge, the EEOC must first notify the employer and *must* then investigate to determine whether there is reasonable cause to believe that the charge is true.") (emphasis added; citations and quotations omitted). Moreover, the EEOC's requests for a spreadsheet listing of Respondents' employees and organizational charts of Respondents' business, Requests Nos. 7 and 8, are entirely proper "attempts to discover information that would be relevant to jurisdiction." *Kloster*, 939 F.2d at 922-23.

Of course, in the context of these proceedings, the Court does not decide the issue of whether Title VII will ultimately apply to the instant case. *Kloster*, 939 F.2d at 924. Respondents "will be free to litigate that issue before the EEOC on the basis of the facts as developed and then before the appropriate court if necessary." *Id.*

### IV. ENFORCEMENT OF THE ADMINISTRATIVE SUBPOENAS

Having addressed jurisdiction, the Court now turns to whether the investigation is within the EEOC's authority, whether the demand is too indefinite, and whether the information sought is reasonably relevant. *Fla. Azalea Specialists*, 19 F.3d at 623; *Tire Kingdom*, 80 F.3d at 450.

<u>Agency Authority</u>

Respondents challenge the subpoenas as being outside the EEOC's authority. The EEOC's authority to investigate charges of discrimination under Title VII is broad. *See, e.g.*, *EEOC v. Ferrellgas, L.P.*, 97 F.4th 338 (6th Cir. 2024). "Title VII arms the Commission with 'a broad right of access to relevant evidence,' [*University of Pa.*, 493 U.S.] at 190, instructing that 'the Commission . . . shall . . . have access to . . . any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by' Title VII and 'is relevant to the charge under investigation,' 42 U.S.C. § 2000e-8(a)." *Ferrellgas*, 97 F.4th at 344. "The EEOC's right of informational access includes the authority to issue subpoenas duces tecum seeking relevant documents and information." *Id.*; *see* 42 U.S.C. § 2000e-9 (incorporating 29 U.S.C. § 161).

Here, the EEOC issued subpoenas duces tecum to each individual Respondent—the "person[s] being investigated"—relating to a charge of sexual discrimination, an "unlawful employment practice[] covered by [Title VII]." *Ferrellgas*, 97 F.4th at 344 (quoting 42 U.S.C. § 2000e-8(a)). The subpoenas issued by the EEOC set forth the information required by the

7

EEOC's regulations. *See* 29 C.F.R. § 1601.16(a).[2] So long as the materials requested are relevant, which this Court addresses below, the subpoenas that the EEOC is seeking to enforce are valid and within the agency's authority.

<u>Definiteness of the Inquiry</u>

An administrative subpoena "can be too indefinite if its demands are overly vague or amorphous." *Walsh v. Alight Sols. LLC*, 44 F.4th 716, 724 (7th Cir. 2022). In other words, the information or materials requested by the agency must be sufficiently specific. *See Fla. Azalea Specialists*, 19 F.3d at 624.

Respondents object to Requests Nos. 5 and 6 in the subpoenas as vague.[3] However, a review of the record and the subpoenas at issue indicates that the materials and information

---

[2] 29 C.F.R. § 1601.16(a) states in relevant part:

> The subpoena shall state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized investigator or other representative of the Commission.

[3] The parties dispute whether Respondents waived their objections to the subpoenas because they did not properly object to the subpoenas by petitioning the EEOC in accordance with 29 C.F.R. § 1601.16(b)(1), which requires that "[a]ny person" served with an EEOC-issued subpoena "who intends not to comply shall petition" the district director who issued the subpoena or the EEOC General Counsel for a Commissioner-issued subpoena "to seek [the subpoena's] revocation or modification . . . within five days . . . after service of the subpoena." The parties also disagree on whether *Lutheran Social Servs. v. EEOC*, 186 F.3d 959 (D.C. Cir. 1999), which held, based on the "particular circumstances" of that case, that § 1601.16(b)(1) did not create a categorical bar to considering attorney-client privilege and work product objections that were not properly asserted in a § 1601.16(b) petition, should govern here. However, because Respondents objected only to Requests 5 and 6 on the basis that they were vague and to compliance with the subpoenas as a whole as an undue burden, Respondents' objections do not raise the attorney-client privilege and work product concerns present in *Lutheran*, and *Lutheran*, which is in any event not binding on this Court, accordingly does not govern here. *See, e.g.*, *Lutheran*, 186 F.3d at 965 (recognizing that its holding would not extend to subpoena objections falling within the expertise of the EEOC). Nevertheless, the Court need not decide the question of whether the Respondents' actions properly preserved or waived their objections because, as explained in this report, even if the Respondents properly preserved their objections and exhausted their administrative remedies, this Court has

requested are not overly vague and amorphous. *See Walsh*, 44 F.4th at 724. The materials described in the requests are sufficiently specific that Respondents should be able to understand and identify what is requested. *See Fla. Azalea Specialists*, 19 F.3d at 624. The Court accordingly finds that the subpoena requests are not too indefinite.

Relevance of the Materials Requested

Respondents do not contest the relevancy of the materials sought by the EEOC. "Although the relevancy standard [in 42 U.S.C. § 2000e-8(a)] places some limitation on the scope of the EEOC's investigative authority, courts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer." *Ferrellgas*, 97 F.4th at 348 (quoting *EEOC v. United Parcel Serv., Inc.*, 859 F.3d 375, 378 (6th Cir. 2017)); *see also Fla. Azalea Specialists*, 19 F.3d at 624 ("The measure of relevance used in subpoena enforcement actions is quite broad.").

As described above, the EEOC in this case seeks Respondents' sexual harassment policy; information related to the allegations made in Ms. Sebai's specific charge of discrimination; specific complaints of discrimination, from Ms. Sebai and others; Department of Health inquiries and complaints; Ms. Sebai's personnel file; a list of Respondents' employees, their employment dates, and contact information; and an organizational chart. The requested materials and information relating specifically to Ms. Sebai and/or her charge of discrimination are clearly relevant to the EEOC's investigation. The other requested materials that are not specific to Ms. Sebai but that are related to other discrimination complaints and inquiries, as well as to the EEOC's

---

considered the Respondents' objections and has determined that they are unavailing. *See, e.g.*, *EEOC v. City of Long Branch*, No. 15-1081 (MAS)(TJB), 2018 WL 3104435 (D.N.J. June 22, 2018) (considering the substance of respondent's disclosure objection after finding that the objection was waived); *EEOC v. Sunoco, Inc.*, No. 08-MC-145, 2009 WL 197555 (E.D. Pa. Jan. 26, 2009) (considering the substance of respondent's validity-of-the-charge and undue burden objections after finding that subpoena objections were waived).

jurisdiction, are also relevant to the EEOC's investigation, as are the materials related to employment context. *See, e.g.*, *EEOC v. Roadway Express, Inc.*, 261 F.3d 634, 638 (6th Cir. 2001) ("evidence that an employer discriminated in one situation or employment position is relevant to a determination of whether the employer discriminated in other circumstances"); *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994) ("employment context is relevant to a charge of employment discrimination"). All these materials "might" help the EEOC by "cast[ing] a light on the allegations against the employer." *E.g.*, *McLane Co.*, 581 U.S. at 84 (recognizing "the established rule that the term 'relevant' be understood 'generously' to permit the EEOC 'access to virtually any material that might cast light on the allegations against the employer'") (quoting *Shell Oil*, 466 U.S. at 68-69). That is sufficient to satisfy the "generous" relevance standard in subpoena enforcement proceedings. *See, e.g.*, *Ferrellgas*, 97 F.4th at 348-49.

<u>Undue Burden</u>

The final inquiry for the Court is whether enforcing the subpoenas will impose an undue burden on Respondents to produce the materials that the EEOC has requested. "If the charge is proper and the material requested is relevant, the district court should enforce the subpoena unless the employer establishes that the subpoena . . . is unduly burdensome." *McLane Co.*, 581 U.S. at 77. "[W]hether a subpoena is overly burdensome turns on the nature of the materials sought and the difficulty the employer will face in producing them." *Id.* at 81. "The employer bears the obligation to show that compliance would impose an undue burden." *Ferrellgas*, 97 F.4th at 350.

"A court will not excuse compliance with a subpoena for relevant information simply upon the cry of 'unduly burdensome.'" *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993). "Rather, the employer must show that compliance would unduly disrupt and seriously hinder normal operations of the business." *Id.* "'Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate the position with detailed affidavits . . . [and] cannot

10

rely on simple conclusory assertions about the difficulty of complying with the discovery requests.'" *Horne v. Potter*, No. 07-61829-CIV, 2009 WL 10666885, at *7 (S.D. Fla. Jan. 27, 2009) (quoting *FTC v. Nationwide Connections, Inc.*, 2007 WL 2462015, *2 (S.D. Fla. Aug. 27, 2007).

Respondents objected to the breadth of the subpoena requests in their Response and Objections to Subpoena, ECF No. 1-13, and claimed that production would be unduly burdensome in their Opposition to Plaintiff's Application, ECF No. 6. Respondents have not, however, "attempted to explain what would be involved in obtaining the requested information," nor have they "tried to estimate the number of hours or expense necessary to accomplish the task." *Horne*, 2009 WL 10666885, at *7. Indeed, Respondents have provided no explanation about how complying with the EEOC's subpoenas would be overly burdensome. Instead, Respondents have simply asserted their undue burden argument as a rhetorical question: "How could requiring two entities to engage in broad discovery concerning matters that are not covered by the authorizing statute be anything other than an undue burden." ECF No. 6 at 8. Simply positing such a rhetorical question does not satisfy Respondents' burden of establishing that compliance with the EEOC's subpoenas is an undue burden. Here, the Court finds that Respondents have failed to establish that compliance with the subpoenas would be an undue burden.

## V.     CONCLUSION

Based on the foregoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Application for an Order to Show Cause Why Administrative Subpoenas Should Not Be Enforced be **GRANTED**.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robert N. Scola, United States District Judge. Failing to file timely objections will bar

a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 9th day of August 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Robert N. Scola
Counsel of Record